## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | |
|---|---|
| **Oscar Bailon** <br> 2018 Portugal Street <br> Baltimore, Maryland 21231 | * <br> <br> * |
| **Dawn Dorsey** <br> 508 1st Avenue, SW <br> Glen Burnie, Maryland 21261 | * <br> <br> * |
| **Deanna Jensen** <br> 403A Schwartz Avenue <br> Baltimore, Maryland 21212 | * <br> <br> * |
| **Dania Hammoud** <br> 611 Villager Circle <br> Baltimore, Maryland 21222 | * <br> <br> * |
| Together, "Plaintiffs" | *  Case No. _____ |
| v. | *  **JURY TRIAL DEMANDED** |
| **Mussel Bar & Grille Baltimore, LLC** <br> 10400 Connecticut Avenue, Suite 400 <br> Kensington, Maryland 20895 | * <br> <br> * |
| **Robert Wiedmaier** <br> 10400 Connecticut Avenue, Suite 400 <br> Kensington, Maryland 20895 | * <br> <br> * |
| **Peter Stala** <br> 1350 Lancaster Street <br> Baltimore, Maryland 21231 | * <br> <br> * |
| Together, "Defendants" | * |

## COMPLAINT

Plaintiffs, Mr. Oscar Bailon ("Bailon"), Ms. Dawn Dorsey ("Dorsey"), Ms. Deanna Jensen ("Jensen"), and Ms. Dania Hammoud ("Hammoud") (hereinafter collectively referred to as "Plaintiffs"), through undersigned counsel, state a complaint against Defendants Mussel Bar

1

& Grille Baltimore, LLC ("MBGB"), Robert Wiedmaier ("Wiedmaier") and Peter Stala, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code LE art. 3-501 *et seq* ("MWPCL"), and demand a jury trial, as follows:

## Introduction, Jurisdiction and Venue

1. This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

3. Venue and personal jurisdiction is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the events and omissions giving rise to these claims occurred within this judicial district, and all Defendants regularly conduct business in this judicial district.

4. Plaintiffs Bailon, Dorsey, Jensen, and Hammoud worked as servers, at the Defendants' Mussel Bar & Grille Restaurant in Baltimore, Maryland. Defendant MBGB is a Maryland corporation. By failing to pay the Plaintiffs the minimum wage and overtime wages that were due, Plaintiffs allege that Defendants willfully violated very clear and well-established minimum wage and overtime provisions of the FLSA. Similarly, the Plaintiffs allege that the Defendants violated the minimum wage provisions of the MWHL, and failed to pay earned wages in violation of the MWPCL. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the unpaid MWHL-mandated wages under the MWPCL, and attorneys' fees and

costs as provided under the FLSA, the MWHL, and the MWPCL.

5. Defendant MBGB owns and operates Mussel Bar & Grille in Baltimore, Maryland. Defendant MBGB is owned and/or operated by Defendants Robert Wiedmaier and Peter Stala.

6. At all times material herein, MBGB had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

7. Defendant MBGB employs at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendant who negotiate and purchase food from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiffs and other servers, who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiffs are employed by Defendant MBGB, a covered entity, which satisfies the enterprise coverage provisions under the FLSA. Defendant MBGB also satisfies the coverage provisions of the MWHL, insofar as it grosses at least $400,000.00/year. As a covered enterprise, Defendant MBGB has at all material times been an "employer" within the meaning of the FLSA, MWHL and MWPCL.

8. Defendant Robert Wiedmaier is the Executive Chef/Owner of MBGB. Defendant Wiedmaier has, at all material times, been actively engaged in the development and implementation of personnel policies and procedures governing the management and direction of employees, including the Plaintiffs, at Mussel Bar & Grille, including the terms and conditions of Plaintiffs' employment, operation of the restaurant and employee pay matters, have possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Mussel Bar & Grille, including the Plaintiffs, and has possessed authority to hire and fire employees. Defendant Wiedmaier has custody and control of business records and is responsible for maintaining those records. Defendant Robert Weidmaier receives income from Defendant MBGB. At all times material herein, Defendant Wiedmaier has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, LE art. 3-401(b), and the MWPC, Md. Ann. Code LE art. 3-501(b). Defendant Robert Wiedmaier is jointly and individually liable for damages to the Plaintiffs arising under the FLSA, the MWHL, and the MWPCL.

9. Defendant Peter Stala is the General Manager of MBGB. Defendant Stala has, at all material times, been actively engaged in the management and direction of employees, including the Plaintiffs, at Defendant MBGB, including the operation of the restaurant and employee pay matters, have possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Mussel Bar & Grille, including the Plaintiffs, and have possessed and exercised authority to hire and fire employees. For example, Defendant Stala hired each of the Plaintiffs. Defendant Stala has custody and control of business records and is responsible for maintaining those records. Defendant Stala receives income and/or salary from Defendant MBGB. At all times material herein, Defendant Peter Stala has

been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, LE art. 3-401(b), and the MWPC, Md. Ann. Code LE art. 3-501(b). Defendant peter Stala is jointly and individually liable for damages to the Plaintiffs arising under the FLSA, the MWHL, and the MWPCL.

### General Allegations

10. Plaintiffs Bailon, Dorsey and Jensen were first employed by Defendants from the opening of Mussel Bar & Grille in March, 2015, and Plaintiff Hammoud was subsequently hired in August, 2015. Plaintiff Bailon was employed as a full-time server until on or about February, 2016. Plaintiff Dorsey was employed as a full-time server until on or about September, 2016. Plaintiff Jensen was employed as a full-time server in the summer, but was otherwise employed as a part-time server up until September, 2016. Plaintiff Hammoud was employed as a full-time server until on or about March, 2016. As servers, Plaintiffs took food/beverage orders from guests and served food/beverages to guests.

11. Plaintiffs were not exempt under the FLSA's minimum wage or overtime compensation requirements, and were not exempt from the MWHL's minimum wage requirements.

12. Defendants have violated rights of the Plaintiffs to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL, and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement, which is not at issue in this case).

13. Defendants were required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419 (respectively)), to inform tipped employees, like Plaintiffs, that among other things, the tipped employees were entitled to retain all of their tips except in a valid tip

pooling arrangement, before they could *potentially* pay $3.63 an hour to the Plaintiffs, an hourly wage which is lower than the minimum wage requirements of 29 U.S.C. § 206 and Md. Ann. Code LE art. § 3-413.

14. Defendants violated 29 U.S.C. § 203(m) by failing to inform Plaintiffs Bailon, Dorsey, Jensen, and Hammoud that Defendants were taking a so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit, or that Plaintiffs had the right to retain all tips except in a valid tip pooling arrangement, or any of the other requirements set out by law. See 29 C.F.R. § 531.59(b). Defendants violated the MWHL and by extension, the MWCPL, by failing inform Plaintiff Jackson of the provisions of Md. Ann. Code LE art. § 3-419, and its amended provisions, which among other things require the employees must be informed of the provisions of provisions of Md. Ann. Code LE art. § 3-419 before Defendants' could pay a wage of $3.63/hour.

15. Plaintiff Dorsey regularly worked more than 40 hours in a statutory workweek throughout her employment. For example, Dorsey worked 14.2 hours of overtime during the pay period ending 9/6/15, 5.04/hours of overtime during the pay period ending 9/20/15, 4.18/hours of overtime during the pay period ending 10/4/15, 6.33 hours of overtime during the pay period ending 1/10/16, and 6.41 hours of overtime during the pay period ending 3/20/16. Similarly, Plaintiff Jensen worked more than 40 hours in a statutory workweek during the summer months. Plaintiffs Dorsey and Jensen were incorrectly paid for overtime at the rate of $5.44 per hour. Under the FLSA, Plaintiffs Dorsey and Jensen should have received at least $10.88/hour for all overtime hours worked in a 40 hour statutory workweek (or, alternatively, if Defendants are determined to be in compliance with the requirements of 29 U.S.C. § 203(m), which Plaintiffs alleges that they are not, the Defendants would have been required to pay Plaintiffs, no less than

$7.26/hour under the FLSA for all overtime hours worked in a 40 hour statutory workweek).

## COUNT I
### (FLSA - Failure to Pay Minimum Wage)

16. Plaintiffs incorporate paragraphs 1-15 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times failed to pay Plaintiffs the proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of 29 U.S.C. § 203(m).

17. As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

## COUNT II
### (FLSA - Failure to Properly Pay Overtime)

18. Plaintiffs Dorsey and Jensen incorporate paragraphs 1-17 as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiffs Dorsey and Jensen, an overtime wage of at least 1 ½ times the applicable minimum wage of $7.25/hour, for certain statutory work weeks, and as a result, Plaintiffs Dorsey and Jensen, have failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

19. Plaintiffs Dorsey and Jensen alternatively plead and state that even if Defendants' actions were in compliance with the tip credit provisions of the FLSA, Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants failed to compensate Plaintiffs Dorsey and Jensen at a proper overtime rate after application of the so-called tip credit, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage (currently $7.25 an hour), as

required by Federal law and applicable Federal regulations. Defendants were required, but failed, to pay Plaintiffs Clark and Ford at least $6.91 an hour, for every overtime hour that they worked.

## COUNT III
**(Maryland Wage/Hour Law - Failure to Pay Minimum Wage)**

20. Plaintiffs incorporate paragraphs 1-21 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants have at all material times failed to pay Plaintiffs, a proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE art. § 3-419.

21. As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT IV
**(Maryland Wage/Hour Law - Failure to Pay Overtime)**

22. Plaintiffs Dorsey and Jensen incorporate paragraphs 1-21, as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-415 (overtime compensation), because Defendants willfully failed to pay Plaintiffs Dorsey and Jensen an overtime wage of at least 1 ½ times the applicable minimum wage for certain statutory work weeks, and as a result, Plaintiffs Dorsey and Jensen, have failed to receive overtime pay, as required by the MWHL.

## COUNT V
**(Maryland Wage Payment and Collection Law – Failure to Pay Earned Wages)**

23. Plaintiffs incorporates paragraphs 1-22 as set forth above, and state that the actions of Defendants in refusing to pay wages free and clear that are due without coercion and intimidation, is a violation of the MWCPL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

24. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wage and overtime compensation as applicable under the MWHL.

25. That impliedly, by operation of law, Plaintiffs were entitle to be paid statutory minimum wages and/or overtime compensation by Defendants, which have not be paid during the course of Plaintiff's employment (and following the termination of such employment) with the Defendants.

26. There are no bona fide disputes between the parties as to the right of the Plaintiffs to be paid all lawful wages due arising their employment. Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiffs performed work as employees for which they are not properly compensated.

27. Plaintiffs are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e., the MWHL-mandated wages that have gone unpaid.

## **Prayer**

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, request this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiffs all unpaid minimum wage payments and overtime wage premiums determined by the Court to be due and owing to Plaintiffs under the FLSA (and under the Maryland Wage/Hour law), as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiffs;

(b) Order Defendants to pay Plaintiffs and amount equal to triple the amount of the minimum

wage and overtime compensation owed to Plaintiffs under the MWHL, after an accounting has been performed, as Plaintiffs are entitled to such damages under the MWPCL;

(c)     Award Plaintiffs' their attorneys' fees and costs in pursuing this action;

(d)     Award Plaintiffs interest on any sums determined to be due and owing from Defendants, including pre-judgment interest on attorney's fees and costs in pursuing this action:

(e )     Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,

| | |
|---|---|
| /s/ *(with permission)* | /s/  Bradford W. Warbasse |
| Howard B. Hoffman | Bradford W. Warbasse |
| Federal Bar No. 25965 | Federal Bar No. 07304 |
| 600 Jefferson Plaza, Ste. 304 | 401 Washington Avenue, Ste. 200 |
| Rockville, Maryland 20852 | Towson, Maryland 21204 |
| (301) 251-3752 | (410) 337-5411 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

## **Jury Demand**

The Plaintiffs, by their attorneys, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Bradford W. Warbasse*
Bradford W. Warbasse