IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OSCAR BAILON, *et al.*,<br><br>    **Plaintiff,**<br><br>  v.<br><br>MUSSEL BAR & GRILLE BALTIMORE, LLC, *et al.*,<br><br>    **Defendants.** | Civil Action No. 17-cv-01813-JKB |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
UNDER FAIR LABOR STANDARDS ACT**

  The Plaintiffs, Oscar Bailon, Dawn Dorsey, Deanna Jensen and Dania Hammond ("Plaintiffs"), and the Defendants, Mussel Bar & Grille Baltimore, LLC ("Mussel Bar"), Robert Wiedmaier ("Wiedmaier") and Peter Stala ("Stala"), through their respective undersigned counsel, hereby submit this Memorandum in Support of their Joint Motion for Court Approval of Settlement under Fair Labor Standards Act, and state as follows:

  1.  This lawsuit alleges violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Maryland Wage and Hour Law, Md. Code Ann., Labor & Emp. § 3-401, *et seq*. (the "MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Emp. § 3-501, *et seq*. (the "MWPCL").  The Parties have reached a settlement of all claims in this case and have memorialized the settlement in a written Settlement Agreement (the "Settlement Agreement"). The Parties seek this Court's approval of the settlement because the claims under the FLSA may not be waived or released without U.S. Department of Labor or Court approval.  *See* 29 U.S.C.

§ 216(c); *Taylor v. Progress Energy, Inc.*, 415 F. 3d 364, 374 (4th Cir. 2005), *vacated on other grounds*, 493 F.3d 454 (4th Cir. 2007) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. FLSA claims may be settled when the settlement is supervised by the DOL or a court."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D.Md. 2010).

2. Defendant Mussel Bar operates a restaurant and bar in Baltimore, Maryland. Defendants Wiedmaier and Stala were an owner and the General Manager, respectively, of Mussel Bar. Plaintiffs worked as servers at Mussel Bar and were compensated as "tipped employees" under the FLSA and Maryland law. As such, in accordance with the FLSA and Maryland law, when they worked as servers, Mussel Bar paid them an hourly wage of $3.63, which is less than the Maryland minimum wage for non-tipped employees ($8.00 or $8.25 during the relevant period), and it took a "tip credit" for the tips received by Plaintiffs.

3. On or about June 30, 2017, Plaintiffs filed their Complaint in this Court. The Complaint alleges that Defendants failed to provide proper notice to Plaintiffs of the tip credit in accordance with the FLSA and MWHL, and thus, Mussel Bar was obligated to pay Plaintiffs the full minimum wage for non-tipped employees of $8.00 to $8.25 for all hours worked, and one-and-one-half times that rate for all hours worked in excess of 40 in a workweek. 29 C.F.R. § 531.59(b); Md. Code Ann., Labor & Emp. § 3-419. Moreover, Plaintiffs allege that Defendants failed to pay overtime compensation at the correct rate even if Defendants provided proper notice of the tip credit in accordance with the FLSA and MWHL.

4. Defendants deny the allegations and maintain that proper notice of the tip credit was provided to Plaintiffs. In addition to other notice, Defendants maintain that Defendant Stala verbally informed Plaintiffs, upon their hire, about the tip credit in compliance with applicable

law.  Defendants Wiedmaier and Stala further maintain that they are not "employers" under the FLSA, MWHL and MWCPL, and thus, they cannot be held personally liable under those laws.

5.      The Parties freely and voluntarily entered into settlement negotiations regarding the nature and extent of Plaintiff's claims.  During the settlement negotiations, the Parties engaged in settlement discussions regarding the Parties' positions in reference to whether proper notice was provided of the tip credit, the number of hours and overtime hours worked, Plaintiffs' entitlement to liquidated damages under the FLSA and MWHL and treble damages under the MWPCL, and the amount of Plaintiff's attorneys' fees to be recovered in settlement.

6.      After some settlement discussions, the Parties agreed to settle Plaintiffs' underlying claims, exclusive of attorneys' fees and costs, for $30,090.24, which represents 140% of the unpaid wages claimed by Plaintiffs.  In other words, the settlement compensates Plaintiffs for all of the wages claimed by them and another 40% of that amount for the claimed liquidated and treble damages.[1]  The breakdown for the underlying settlement is as follows:

|         | Claimed Wages | Settlement Amount |
|---------|---------------|-------------------|
| Bailon  | $ 6,105.13    | $ 8,547.18        |
| Dorsey  | $ 6,443.76    | $ 9,021.18        |
| Hammond | $ 1,787.95    | $ 2,503.13        |
| Jensen  | $ 7,156.25    | $10,018.75        |

7.      The payment of Plaintiffs of a settlement sum constituting 140% of the wages claimed by them, which is in settlement of their claims for wages and claims for liquidated and

---

[1] This is particularly true given the added fact that Plaintiffs' utilized the services of a forensic accountant (Elana Schulman, CPA/CFE) to calculate potential unpaid minimum wage and/or overtime and spreadsheets were prepared based on the written payroll records that were provided to Plaintiffs.  *See Stephens v. Mac Business Solutions*, CBD 15-3057, 2016 WL 3977473, *2 n.2 (D. Md. July 25, 2016) (finding a fair and reasonable FLSA settlement, and reviewing wage calculations prepared by Elana Schulman, CPA/CFE).

treble damages, is fair and reasonable. *See Alleyne v. Time Moving & Storage Inc.,* 264 F.R.D. 41, 57-58 (E.D.N.Y. 2010) (approving settlement of FLSA claims at 13-17% of maximum recovery), cited with approval in *Lane v. Ko-Me, LLC*, 2011 U.S. Dist. LEXIS 97870, *3-4, 2011 WL 3880427 (D. Md. Aug. 31, 2011).

8. The Parties proposed Settlement Agreement ("Agreement") is attached hereto as <u>Exhibit A</u>.

9. In addition, the Parties agreed to settle Plaintiffs' claims for attorneys' fees and costs for $8,597.50, which represents all of the fees of Plaintiffs' counsel up to September 25, 2017. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3. "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

10. In this case, the claim for fees and costs was negotiated separately and secondarily from the settlement of the underlying wage claims. Plaintiffs' counsel's hourly billing rate of $400.00 is in accordance with the Court's Local Rules. Until September 25, 2017, Bradford Warbasse, Esq. spent 15.1 hours [$400.00 (hourly rate) x 15.1(hours)], and Howard Hoffman, Esq. spent 5.1 hours [$400.00 (hourly rate) x 5.1 (hours), less voluntary discount]. Plaintiff's counsel (Hoffman) has voluntarily written-off over $680.00 hours of billable time. (Exhibit C). The settlement compensates Plaintiffs' counsel

(Warbasse) for all of the fees he incurred until September 25, 2017, or shortly before the settlement was reached, and, therefore, does not compensate him for any time spent since that date. (Exhibit B). In addition, Under the circumstances of this case, Plaintiffs' counsel respectfully submits that the requested fees and costs are fair and reasonable, and have attached Affidavits as Exhibits B (Warbasse) and C (Hoffman) and their detailed timesheets with respect to the requested fees.

11. Based upon the information and documents exchanged between the Parties, the Parties believe that the offer of settlement is fair, reasonable.

12. This Court has followed the guidelines for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982); *see e.g. Lane v. Ko-Me, LLC*, 2011U.S. Dist. LEXIS 97870, *3-4 (D. Md. Aug. 31, 2011) (quoting *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010).

13. An FLSA claim can be waived or settled in only two instances, *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee(s) present the proposed settlement to the trial court for approval. 29 U.S.C. 216(c); *Lynn's Food Stores*, 679 F.2d at 1354.

14. In the instant matter, the Parties seek this Court's approval of their Agreement. When reviewing a proposed settlement of an FLSA claim, the Court must "scrutinize the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. There are four (4) factors that should be examined to determine whether a proposed settlement is fair and reasonable: (i) was the settlement achieved in an adversarial context? (ii) was the [p]laintiff represented by attorneys who can protect his rights? (iii) does the settlement reflect a reasonable compromise over issues that are actually in dispute? (iv) is the settlement fair? *Id.* at 1354.

15. With regard to these factors, it is significant to note the following: (i) this matter was settled as a result of an adversarial proceeding (this lawsuit) and settlement negotiations which transpired between the Parties directly; (ii) the Parties settled this matter after negotiation, information exchange of wage and timekeeping records and a review of governing precedent, and throughout this litigation, Plaintiffs were represented by counsel who adequately protected their rights; (iii) the settlement reflects reasonable compromises regarding bona fide disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA; and (iv) the Parties agree that the settlement is fair, just and adequate to settle Plaintiffs' claims.

16. The Court should also take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)). Because this settlement compensates Plaintiffs for all of their claimed wages and attorneys' fees, court approval of the settlement is warranted.

17. The endorsement of the settlement by counsel for the parties is a "factor [that] weighs in favor of approval." *Quintanilla*, 2008 WL 9410399 at *5. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.* at *5 (citing *San Antonio Hispanic Police Officers' Org., Inc.* v. *City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiffs' counsel is fully aware of the factual contentions of their clients and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

18. Consistent with the language in the Agreement, Plaintiffs represent and agree that the settlement payments reflect fair and reasonable compensation for all claims of purported overtime giving

rise to the Complaint and reflect compensation for all unpaid wages, including minimum wage and overtime wages, to which Plaintiffs are entitled as a result of their former employment with Defendant Mussel Bar, such that Plaintiffs represent and agree that they are not entitled to any additional compensation of any sort from the Defendants related to the payment practices alleged in the Complaint.

19.     A final issue requiring the Court's attention is the maintenance of continuing jurisdiction over this case to supervise the settlement payments.  The parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the settlement payments.  This provision fulfills the Court's proper supervisory role in assuring that no FLSA case is dismissed absent fair and reasonable wage payment to plaintiff workers.  The parties bring to the Court the following paragraph set forth in the Settlement Agreement:

> 5(a).  The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel.  Within fifteen (15) business days after the last payment made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice.  The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

By approving this Settlement Agreement, the Court is agreeing to maintain continuing jurisdiction over this case, and once final payment is made, counsel will so notify the Court and the case shall be dismissed with prejudice.  (Appropriate language is set forth in the proposed Order attached hereto to this Motion).

WHEREFORE, for the forgoing reasons, the Parties respectfully request that this Honorable Court enter the accompanying Order, thereby approving the terms of the Parties' Agreement.  Counsel for the Defendants has authorized Plaintiff's Counsel to file this Joint Motion and Proposed Order.

7

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ | /s/ |
| Howard B. Hoffman (Federal Bar No. 25965) | Charles J. Kresslein (Federal Bar No. 22967) |
| 600 Jefferson Plaza, Suite 304 | JACKSON LEWIS P.C. |
| Rockville, MD  20852 | 2800 Quarry Lake Drive, Suite 200 |
| (301) 251-3752 – Telephone | Baltimore, MD  21209 |
| Hbhoffmanesq@hoholaw.com | (410) 415-2000 – Telephone |
| | charles.kresslein@jacksonlewis.com |
| Bradford W. Warbasse (Federal Bar No. 07304) | |
| 401 Washington Ave., Suite 200 | *Counsel for Defendants* |
| Towson, MD  21204 | |
| (410) 337-5411 – Telephone | |
| warbasselaw@gmail.com | |
| | |
| *Counsel for Plaintiffs* | |

4813-4558-8817, v. 1