

EXHIBIT

A

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into by and among Oscar Bailon ("Bailon"), Dawn Dorsey ("Dorsey"), Deanna Jensen ("Jensen") and Dania Hammond ("Hammond") (collectively, "Plaintiffs"), as the parties of the first part, and Mussel Bar & Grille Baltimore, LLC ("Mussel Bar"), Robert Wiedmaier ("Wiedmaier") and Peter Stala ("Stala") (collectively, "Defendants"), as the parties of the second part. Plaintiffs and Defendants are referred to collectively herein as the "Parties."

**WHEREAS,** Plaintiffs were employed by Mussel Bar as servers; and

**WHEREAS,** on or about June 30, 2017, Plaintiffs filed a lawsuit against Defendants in the U.S. District Court for the District of Maryland, captioned: *Oscar Bailon, et al. v. Mussel Bar & Grille Baltimore, LLC, et al.,* Civil No. 17-cv-01813-JKB (the "Lawsuit"), in which Plaintiffs assert claims of unpaid wages and overtime pay arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Labor § 3-401, *et seq.* (the "MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor § 3-501, *et seq.* (the "MWPCL"); and

**WHEREAS,** Defendants have denied, and continue to deny, any and all wrongdoing, violation of law and/or liability; and

**WHEREAS,** Plaintiffs and Defendants desire to compromise and settle all disputes, claims and potential claims that could be raised by Plaintiffs, including all matters arising out of Plaintiffs' employment with Mussel Bar, and all issues raised or which could have been raised in the Lawsuit; and

**WHEREAS,** the Parties desire to document the terms of their compromise and settlement of the Lawsuit in this Agreement, with no Party admitting any liability, wrongdoing, fault or breach.

**NOW, THEREFORE,** in consideration of the mutual promises, covenants and conditions set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound hereby, agree as follows:

1.     <u>Settlement Payment</u>.  Mussel Bar shall pay Plaintiffs the total sum of $38,687.24, as follows:

      (a)   <u>Payments to Plaintiffs</u>.  Settlement payments will be made to the Plaintiffs in the following amounts:

| Plaintiff | Total Settlement | Wage Portion | Non-Wage Portion |
|-----------|------------------|--------------|------------------|
| Bailon | $ 8,547.18 | $ 6,105.13 | $ 2,442.05 |
| Dorsey | $ 9,021.18 | $ 6,443.76 | $ 2,577.42 |
| Hammond | $ 2,503.13 | $ 1,787.95 | $   715.18 |
| Jensen | $10,018.75 | $ 7,156.25 | $ 2,862.50 |

The settlement payments to the Plaintiffs shall be made in four installments, as follows:

      (i) On the last business day of October 2017 and December 2017, Mussel Bar shall tender a check to each Plaintiff in the amount of one-half of the Non-Wage Portion of that Plaintiff's settlement amount, set forth in the chart above. The payment of these Non-Wage Portions are in settlement of each Plaintiff's claim for liquidated damages under the FLSA and MWHL and treble damages under the MWPCL. No deductions or withholdings shall be taken from these payments. Mussel Bar will report these payments in

an IRS Form 1099 to be issued to each Plaintiff, and each Plaintiff shall be solely responsible for the tax consequences, if any, from his/her respective payments.

(ii) On the last business day of November 2017 and January 2018, Mussel Bar shall tender a check to each Plaintiff in the amount of one-half of the Wage Portion of that Plaintiff's settlement amount, set forth in the chart above. The payment of these Wage Portions are in settlement of each Plaintiff's claim for unpaid wages. Accordingly, these payments will be treated as supplemental wages for tax purposes, and Mussel Bar will deduct and withhold from this payment all applicable local, state, and federal taxes, including income taxes and Federal Insurance Contributions Act ("FICA") taxes. Mussel Bar will report these payments in an IRS Form W-2 to be issued to each Plaintiff and will remit all funds withheld to all applicable local, state and federal taxing authorities.

(b)     Payments to Plaintiffs' Attorneys.   Settlement payments shall be made to the Plaintiffs' Attorneys in the following amounts:

| Attorney | Total Payment |
| --- | --- |
| Bradford W. Warbasse, Esq. | $ 7,190.00 |
| Howard B. Hoffman, Esq. | $ 1,407.50 |

The settlement payments to the Attorneys shall be made in four equal installments. On the last business day of October 2017, November 2017, December 2017 and January 2018, Mussel Bar shall write a check to each Attorney listed above for one-fourth of the payment attributed to that Attorney. These payments are made in settlement of Plaintiffs' claims for attorneys' fees and costs incurred in connection with the Lawsuit. No deductions or withholdings shall be taken from these payments. Mussel Bar will report these payments in an IRS Form 1099 to be issued to each respective Attorney and the Plaintiffs. The 1099 issued to each Plaintiff shall reflect one-fourth of the total amount of attorneys' fees listed above. Plaintiffs and the Attorneys shall be solely responsible for the tax consequences, if any, from these payments. Each Attorney will provide a completed IRS Form W-9 Form to Mussel Bar.

(c)     Defendants' obligation to make these payments will not arise unless the Court issues an Order approving the settlement of the Lawsuit, as provided below in Section 2 of this Agreement. All settlement checks to Plaintiffs and Attorney Bradford W. Warbasse shall be mailed to Mr. Warbasse's law office. All settlement checks to Attorney Howard B. Hoffman shall be mailed to Mr. Hoffman's law office.

(d)     The Parties further acknowledge and agree that the payments set forth above in Subsections 1(a)(i) and 1(b) are in settlement of Plaintiffs' claims for liquidated and treble damages and their attorney's fees and costs, and therefore, those payments are not wages or compensation for services rendered. Accordingly, the Parties agree that those payments are not subject to employment taxes or income tax withholding. However, in the event that such payments or any portions thereof are deemed by the Internal Revenue Service or any taxing authority to be taxable as wages, Plaintiffs agree to assume any and all responsibility for taxes, penalties, interest or other amounts that may be imposed on Mussel Bar by any such taxing authority with respect to such payments. Plaintiffs will indemnify and hold Mussel Bar harmless for any liability for the employee's share of any employment or withholding taxes due, and for any interest or penalties thereon, imposed with respect to such payment made pursuant to this Agreement.

2.     Court Approval of Settlement.   Within five (5) days after the complete execution of this Agreement, the Parties shall jointly move the U.S. District Court for the District of Maryland for approval of the settlement of the Lawsuit. The Parties further agree to execute and/or have executed by his/its respective attorneys any such additional documents. This Agreement shall be null and void in the event that the Court fails to approve the Parties' settlement on the terms set forth in this Agreement.

3.      General Release and Covenant Not to Sue by Plaintiffs.

(a)      In consideration of the settlement payments described in Section 1 above and other promises made by Defendants in this Agreement, except as provided in Section 3(d) below, each Plaintiff, for him/herself and his/her heirs, personal representatives, and assigns, hereby releases and forever discharges the Defendants, Mussel Bar's parent companies, subsidiaries, divisions, affiliates, successors and insurers, including RW Restaurant Group and each restaurant affiliated therewith, and each of their current and former directors, officers, employees and shareholders (collectively the "Releasees"), from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that he/she now has or may have had, or thereafter claims to have, on behalf of him/herself or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and up to the date of this Agreement, including, but not limited to, all such matters arising out of or related in any way to his/her employment with Mussel Bar or the termination of that employment. Without in any way limiting the generality of the foregoing, to the maximum extent permitted by law, each Plaintiff hereby releases any claims under Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000(e) *et seq*.; 42 U.S.C. § 1981; the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Equal Pay Act, 29 U.S.C. § 206(4) *et seq*.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.;* the Maryland Fair Employment Practices Act, Title 20 of the State Government Article of the Maryland Code; the Maryland Wage Payment and Collection Law; the Maryland Wage and Hour Law; and all other federal, state and local laws pertaining to unpaid wages, employment, employment discrimination and/or retaliation. Without in any way limiting the generality of the foregoing, each Plaintiff also releases any common law claims, including any claims based on the existence or breach of oral or written contracts of employment, the negligence of any Releasees, negligent or intentional misrepresentations, promissory estoppel, unjust enrichment, interference with contract or employment, defamation or damage to business or personal reputation, assault and battery, negligent or intentional infliction of emotional distress, unlawful discharge in violation of public policy, discrimination, retaliation, wrongful discharge, whistle-blowing, breach of implied covenant of good faith and fair dealing, fraud, equity, tort, intellectual property, personal injury, spoliation of evidence, wage and hour law, statute or common law, claims for severance pay, claims related to equity compensation and/or fringe benefits, claims for attorneys' fees, vacation pay, debts, accounts, compensatory damages, punitive or exemplary damages, or liquidated damages.

(b)      With respect to any claim that is not subject to the foregoing release, each Plaintiff further waives and gives up any right to become, and promises not to consent to become, a member of any class or collective action, or otherwise participate in any putative or certified class, collective or multi-party action or proceeding, in a case in which claims are asserted against any of the Releasees that are related in any way to Plaintiffs' employment with Mussel Bar or the termination of that employment. If, without his/her prior knowledge and consent, any Plaintiff is made a member of a class in any proceeding, that Plaintiff agrees to opt out of the class at the first opportunity.

(c)      Except as provided in Section 3(d) below, each Plaintiff agrees not to file, join in or prosecute any lawsuits or any complaints, grievances, complaints or administrative charges against Mussel Bar or any of the other Releasees with any governmental or non-governmental agency, concerning any matter, act, occurrence, or transaction which arose on or before the date of this Agreement. Each Plaintiff expressly represents that as of the date that he/she signs this Agreement, he/she has not filed any grievances, claims, complaints, administrative charges (including, but not limited to, charges of discrimination filed with the Equal Employment Opportunity Commission) or lawsuits against Mussel Bar or any other Releasees, other than the Lawsuit.

(d)      Notwithstanding anything in this Agreement to the contrary, nothing in this Agreement, including, without limitation, this General Release and Covenant Not To Sue, will waive,

relinquish, diminish, release or in any way affect any rights expressly provided for in this Agreement, or any rights or claims that, as a matter of law, cannot be released or waived. Also, nothing contained in this Agreement, and no obligation set forth in this Agreement, is intended to, or will, preclude the filing of any charge or complaint with the Equal Employment Opportunity Commission ("EEOC"), or the participation in, or the cooperation with, any lawful investigation by the EEOC. However, to the maximum extent permitted by law, Plaintiffs expressly waive their right to any monetary recovery or any other individual relief in connection with any EEOC charge or other administrative charge or should the EEOC or any other agency pursue any claims on their behalf arising out of or related to their employment with Mussel Bar or the termination of that employment.

(e)     Plaintiffs acknowledge that the payments provided in Section 1 of this Agreement satisfy any claims for attorneys' fees, expert witness fees and costs that they have or may have in connection with any of the claims released in this Agreement, including but not limited to any such fees and costs incurred in connection with the Lawsuit, and they hereby release and waive any claims for additional attorneys' fees that they have or may have against Mussel Bar or any of the other Releasees based upon any matter that exists or may exist to the date of this Agreement.

4.      Non-Admission.  It is agreed by and among the Parties that neither the execution of this Agreement nor the fulfilling of any of its provisions constitutes an admission by the Defendants that they owe any moneys to Plaintiffs or that they have violated any law by statute, regulation, rule, common law or otherwise, and Defendants specifically deny owing any moneys or having engaged in any unlawful conduct.

5.      Miscellaneous.

(a)     The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel. Within fifteen (15) business days after the last payment made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Joint Stipulation of Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

(b)     Each Plaintiff affirms that as of the date he signs this Agreement, he/she is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to any Plaintiff under this settlement, that Plaintiff agrees to (i) indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of that Plaintiff, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which that Plaintiff is required to indemnify Releasees under this paragraph, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

(c)     This Agreement sets forth the entire agreement between the Parties with respect to the matters addressed, including Plaintiffs' employment with Mussel Bar and the termination of that employment, and Plaintiffs will not be entitled to any compensation, remuneration, benefits or payments, except as specifically provided in this Agreement. This Agreement may not be modified except by a new written

agreement signed by the Parties affected thereby. Each Party's signature below will confirm that he/she/it has not relied on any representation or statement not set forth in this Agreement.

(d)     In the event that a court holds any provision of this Agreement to be invalid or unenforceable, that provision shall be severed or otherwise conformed to the degree necessary to render it valid and enforceable without affecting the rest of this Agreement. Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be deemed severable from the remainder of this Agreement, and the remaining provisions contained in this Agreement shall be construed to preserve to the maximum permissible extent the intent and purposes of this Agreement. Any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

(e)     Any failure or forbearance by any Party to exercise any right or remedy with respect to enforcement of this Agreement will not be construed as a waiver of any rights or remedies. No waiver of any of the terms of this Agreement will be valid unless in writing and signed by all Parties affected thereby.

(f)     The validity and construction of this Agreement or of any of its terms or provisions shall be determined under the laws of the State of Maryland, regardless of any principles of conflicts of laws or choice of laws of any jurisdiction. Further, any legal proceeding brought by any Party with respect to this Agreement or any right or obligation hereunder shall only be brought in the state or federal courts of proper jurisdiction within the State of Maryland, and consent is hereby given by each of the Parties to the jurisdiction and venue of those courts.

(g)     The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, notwithstanding any statutory or common law doctrines that would suggest otherwise. Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other.

(h)     The Parties acknowledge that each of their respective obligations, as set forth herein, is deemed to be material to this Agreement.

(i)     The Parties agree that no Party shall be regarded as a prevailing party for any purpose.

(j)     The Parties agree that this Agreement shall be binding on the assigns, heirs, executors, and administrators of Plaintiffs and shall inure to the benefit of all Releasees and their respective heirs, administrators, representatives, executors, successors and assigns.

(k)     This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, DocuSign, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Transactions Act, Md. Code Ann., Comm. Law § 21-101, *et seq.*

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

**PLAINTIFFS:**

10/31/2017
_____          _____
Date                             Oscar Bailon


_____          _____
Date                             Dawn Dorsey


_____          _____
Date                             Deanna Jensen


_____          _____
Date                             Dania Hammond


**DEFENDANTS:**

                                 Mussel Bar & Grille Baltimore, LLC


_____          By:_____
Date                                 Signature


                                 _____
                                 Printed Name and Title


_____          _____
Date                             Robert Wiedmaier


_____          _____
Date                             Peter Stala

4818-5815-0225, v. 1

6

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

**PLAINTIFFS:**

Date _____        Oscar Bailon _____

10/31/2017 _____

Date _____        Dawn Dorsey _____

Date _____        Deanna Jensen _____

Date _____        Dania Hammond _____

**DEFENDANTS:**

Mussel Bar & Grille Baltimore, LLC

Date _____        By:_____
                                        Signature

                                     _____
                                     Printed Name and Title

Date _____        Robert Wiedmaier _____

Date _____        Peter Stala _____

4818-5815-0225, v. 1

6

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

**PLAINTIFFS:**

_____     _____
Date                        Oscar Bailon


_____     _____
Date                        Dawn Dorsey

11/1/2017                   _____
_____     3DB109BAEF8A4EB
Date                        Deanna Jensen


_____     _____
Date                        Dania Hammond


**DEFENDANTS:**

                            Mussel Bar & Grille Baltimore, LLC

_____     By:_____
Date                            Signature


                            _____
                            Printed Name and Title


_____     _____
Date                        Robert Wiedmaier


_____     _____
Date                        Peter Stala

4818-5815-0225, v. 1

6

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

**PLAINTIFFS:**

_____       _____
Date                          Oscar Bailon

_____       _____
Date                          Dawn Dorsey

_____       _____
Date                          Deanna Jensen

10/31/2017
_____       _____
Date                          Dania Hammond

**DEFENDANTS:**

                              Mussel Bar & Grille Baltimore, LLC

_____       By:_____
Date                                 Signature

                              _____
                              Printed Name and Title

_____       _____
Date                          Robert Wiedmaier

_____       _____
Date                          Peter Stala

4818-5815-0225, v. 1

6

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

**PLAINTIFFS:**

_____          _____
Date                             Oscar Bailon

_____          _____
Date                             Dawn Dorsey

_____          _____
Date                             Deanna Jensen

_____          _____
Date                             Dania Hammond

**DEFENDANTS:**

Mussel Bar & Grille Baltimore, LLC

11/3/17                          By:_____
Date                             Signature

                                 _____
                                 Printed Name and Title

11-3-17                          _____
Date                             Robert Wiedmaier

_____          _____
Date                             Peter Stala

4818-5815-0225, v. 1

6

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

**PLAINTIFFS:**

_____     _____
Date                            Oscar Bailon

_____     _____
Date                            Dawn Dorsey

_____     _____
Date                            Deanna Jensen

_____     _____
Date                            Dania Hammond

**DEFENDANTS:**

Mussel Bar & Grille Baltimore, LLC

11/3/17                         By: _____
_____     Signature
Date

                                _____
                                Printed Name and Title

_____     _____
Date                            Robert Wiedmaier

11/3/2017                       _____
_____     Peter Stala
Date

4818-5815-0225. v. 1

6